## M. A. M. HENDRICKS v. M. E. PEAVY.

LIMITATIONS.  *Husband and wife.  Income and profits of wife's estate.*
Code 1892, § 2292.

The limitation of one year after receipt against proceedings to hold
a husband or his representatives accountable to his wife for the
income or profits of her estate (code 1892, § 2292) has no appli-
cation to a proceeding by a widow to recover money in bank,
being such income and profits deposited by her deceased husband
in his own name, her purpose being the recovery of her own
money and not the establishment of a claim against her husband's
estate.

FROM the chancery court of Monroe county.

HON. HENRY L. MULDROW, Chancellor.

The appellee, Mrs. Peavy, was complainant and the appel-
lant, Mrs. Hendricks, was defendant in the court below.   The
opinion states the case.

*Houston & Houston* and *George C. Payne*, for the appellant.

The only question for the consideration of the court is the
action of the chancellor in overruling the special demurrer of
the appellant.

In the case of *Thomson* v. *Hester*, 55 Miss., 671, this court
has, in construing the prototype of § 2992, code of 1892, said
the doctrine of courts of equity, as stated in Story's Equity
Jurisprudence, sec. 1396, is not ordinarily to require the hus-
band to account for the income, profits and dividends of his
wife's separate estate beyond those received by him during the
then last year next before he is called on for an account, and
we think the manifest purpose was to adopt the rule and to bar
the wife from holding the husband to account for rents, profits
or income of her separate estate after the expiration of one
year from his receipt of such rents, profits or income, this case
overruling the case of *Hill* v. *Bugg*, 52 Miss., 397.

In the case of *Robinson* v. *Payne*, 58 Miss., 690, we find the statute, § 2292, construed. From this authority we learn that the statute related alone to a money liability sought to be imposed upon him, the husband, or his estate by reason of his consumption of the wife's income. Such liability must be asserted within one year, so as not to ruin him or bankrupt his estate by a claim for income which he has been permitted to use for his own expenses or in support of the family.

In this case the bill should have shown the liability to have occurred within twelve months next before the filing of the bill, and, when it failed to do so, the demurrer as interposed was proper. See *Nevitt* v. *Bacon*, 32 Miss., 213, 218, and *Archer et al.* v. *Jones et ux.*, 26 Miss., 587, and *Dickson* v. *Miller*, 11 Smed. & M., 594, 604. We therefore submit that the court erred in overruling the demurrer.

The gravamen of the bill is unmistakable. There can be no quibbling as to the fact that it seeks to recover the money derived from the separate property of appellee, it being the income and profits of her separate property. It seeks to impose a money liability upon the husband. But, under § 2292 of the code of 1892, and the decisions thereon, neither the husband nor his representative shall be accountable after the expiration of one year from the receipt of the money. It does not appear from the bill that the money was received one year before the filing of the bill or the death of said J. W. Peavy, the deceased husband.

*Walker & Tubb*, for appellee.

The appellee asks no accounting, and seeks to impose no money liability on the estate of her deceased husband. "She seeks only to reclaim her own property." She had a right to maintain her bill, and that her claim is not affected by § 2292, code 1892, we think is too clear for argument. Indeed, this court has, in our judgment, put the question beyond dispute. *Robinson* v. *Payne*, 58 Miss., 690.

CALHOON, J., delivered the opinion of the court.

Mrs. Peavy sets forth in her bill in chancery that her late husband managed her farming operations and her public cotton gin and mill, and put the proceeds to his own credit in a bank, and made a will giving what he had to Mrs. Hendricks, and died, but that the money was, in fact, not his, but her own. The bank was made a party, and, by consent, put the money in court to be fought over. Mrs. Hendricks demurred on the ground that there was no averment in the bill that the money was derived from complainant's property within one year next preceding Peavy's death, and the demurrer was overruled. Code, § 2292, providing that neither the husband nor his representatives shall be accountable to his wife for the income or profits of her estate after the expiration of one year from the receipt of such income or profits, has no bearing whatever on this case. This is not a bill for accounting, and seeks no personal decree against the estate of the husband. It simply asks that her money be decreed to be her property, and not the property of her husband's legatee. The wife has the same right to her money, as against the husband in his lifetime and volunteers under him, and as against his donees by will, that she would have had to her horse, whensoever appropriated. If she can find the money or the horse, it is her right to have it, the husband, in such case, being the trustee for the wife.

*Affirmed, and sixty days given appellant to answer bill.*